

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXXXXXXX~~
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Honorable W. A. Davis
State Registrar
Texas State Board of Health

Dear Dr. Davis:

Opinion No. 0-2347
Re: Whether or not the local Registrar should accept evidence of the marriage of a Negro and Mexican as a basis for accepting the corrected birth certificate of a child born to them prior to the marriage.

Your request for a legal opinion has been received and is as follows:

"There was registered in 1925 a birth certicicate for an illegitimate child born to a Mexican woman.

"Since that birth the putative father, a negro, married the mother, a Mexican, in Las Cruces, New Mexico. There is now presented, as provided for in Rule 46a, Art. 4477, R. C. S., 1936, as amended by the 46th Leg., R. S., 1939, a certificate to correct the legal status of the child showing that the child is legitimate, the father a negro, and the mother a Mexican.

"Please advise me if the Local Registrar should accept evidence of such a marriage in New Mexico as a basis for accepting the correcting certificate; and, should the State Registrar accept such a certificate and attach it to the original as a correction."

Your letter is somewhat confusing, from a purely legal standpoint, in this respect: You refer to the father of the child as the "putative father", and further state that the birth certificate showed the status of the child as illegitimate. This is a contradiction of legal terms.

A "putative" marriage is one entered into by a man and woman in good faith upon the part of one or both, but

which marriage is invalid because of some legal impediment or vice unknown to them or to one of them. For instance, one of the parties may have at the time a living spouse, believing, however, that such spouse was dead or had been divorced. Such a marriage is not a legal marriage but by force of statute (Rev. Civ. Stat. Art. 2581) children born of such marriage are declared to be legitimate.

So that, if there had been a "putative" marriage between the man and woman in this case prior to the birth of the child in question, the birth certificate should have shown the child to be legitimate.

We assume, however, that you used the word "putative" in your letter in the popular sense and not in the strictly legal sense, and that at the date of the birth of this child there had been no sort of marriage or attempted marriage between the parents.

A "common law marriage" -- that is, one entered into by competent parties in good faith, but without the formalities of law to sanction it -- is a legal and valid marriage, under the laws of Texas. So that, if the man and woman in question had entered into a common law marriage prior to the child's birth, it would, of course, be legitimate, and the birth record is wrong.

What we have said has been a digression from the direct question you propound, and we proceed to answer that.

Article 4477 of the Revised Civil Statutes is a wholesome Act to protect the public morals and should, like every other civil statute, be liberally construed to effectuate its purpose. Subdivision (26) of the Article provides:

"* * *

"Upon the marriage of a mother of a child, or children, her husband may file with the local registrar the certificate of marriage, to which may be attached a birth certificate for each child showing the father's name and other data referring to him as the father of the child or children. When the local registrar is satisfied that the marriage has occurred and that the statements made on the birth certificate are true and correct, he shall place his file date and signature on the certificate and forward it to the State Bureau of Vital Statistics. The State Registrar shall attach the certificate as a correction to the certificate

of the natural birth of the child; and provided
further, that neither the State Registrar nor a
local registrar shall, except where ordered by
a court of competent jurisdiction, make a cer-
tificate of, or furnish any information to any
person as to the birth certificate of an illegit-
imate child, but shall issue a certified
copy of the birth certificate filed after the
marriage of the mother of the child."

This provision of the statute will authorize the
course suggested by you; that is, you, as State Registrar,
should accept satisfactory evidence of the marriage and attach
the same to the original birth certificate.

You are not concerned with the legal effect of such
procedure as to the legitimacy of the child, its right of
inheritance, or other legal right whatsoever, and we are not
passing upon any such questions.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Ocie Speer
Ocie Speer
Assistant

OS-MR-wc


APPROVED MAY 20, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By RWF Chairman